IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER, )
)
    Plaintiff, )
) Civil Action No. 09-123 Erie
v. )
)
THE CITY OF PHILADELPHIA, et al., )
)
    Defendants. )

## **MEMORANDUM ORDER**

Presently pending before the Court is the Plaintiff's "Objection to Judge Baxter's Order Deny[ing] Certain Discovery Items to the Plaintiff" [Doc. No. 42], which the Court has construed as an Appeal of the Magistrate Judge's Order entered on the record on August 4, 2010, denying, in part, the Plaintiff's Motion to Compel discovery [Doc. No. 36].

In his Motion to Compel Discovery, the Plaintiff requested that the Court compel the production of certain documents set forth in his Second Request for Production of Documents. In his Second Request for Production of Documents, the Plaintiff sought grievances of specifically named inmates (Requests 1-9) [Doc. No. 36] p. 3. He further sought grievances filed by any inmate against Defendant Scoles and Defendant Vojacek contained in their personnel files (Requests 10-11) [Doc. No. 36] p. 3. Plaintiff additionally sought any emails that were part of the investigation of Grievance # 260806 (Request 12) [Doc. No. 36] p. 4. Finally, in his Motion to Compel, the Plaintiff requested production of Section 6.5.1 and/or 6.3.1 of the "internal procedures manual" [Doc. No. 36] ¶ 5.

The Magistrate Judge held a hearing on August 4, 2010 and granted the Plaintiff's request with respect to the production of the emails (Request 12), but denied his request with respect to the production of the inmate grievances (Requests 1-11) and the internal procedures manual. See Hearing Tr. [Doc. No. 51] pp. 11-19. The Magistrate Judge denied the request for the internal procedures manual on the basis that its release would pose a security risk and alternatively, its production would not

lead to the discovery of admissible evidence.  Hearing Tr. [Doc. No. 51] p. 16.  The request for inmate grievances was also denied on the grounds that such information was not likely to lead to the discovery of admissible evidence since the Plaintiff's claims were not grounded upon Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978) and its progeny.

Upon review of the Plaintiff's Appeal of the Magistrate Judge's Order, the Plaintiff's Appeal with respect to the internal procedures manual sections will be denied. With respect to the Plaintiff's remaining requests, however, it appears that the Plaintiff seeks to establish supervisory liability against Defendant Beard, Defendant Varner and Defendant Coleman for the alleged actions of their subordinates, pursuant to Colburn v. Upper Darby Twp., 838 F.2d 663, 673 (3rd Cir. 1988), overruled in part on other grounds by Leatherman v. Tarrant Cty. Narcotics Int. & Coord. Unit, 507 U.S. 163 (1993).  As such, the information requested relative to other grievances may lead to the discovery of admissible evidence with respect to this claim.  In addition to relevance, the Defendants have also objected to the release of this information on the basis of privilege and/or inmate privacy.  Consequently, this matter will be remanded to the Magistrate Judge for her to consider, in the first instance, the extent to which redaction may be appropriate to address these concerns.

AND NOW, this 15th day of November, 2010 upon consideration of the Plaintiff's Appeal of the Magistrate Judge's Order granting in part and denying in part his motion to compel production of documents, and for the reasons set forth above,

IT IS HEREBY ORDERED that the Plaintiff's Appeal [Doc. No. 42] is DENIED with respect to the internal procedures manual.  IT IS FURTHER ORDERED that the matter is REMANDED to the Magistrate Judge for further proceedings with respect to the request for inmate grievances (Requests 1-11).

s/   Sean J. McLaughlin
                                             United States District Judge

cm:     All parties of record
        Susan Paradise Baxter, U.S. Magistrate Judge