IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**RAVENNA SPENCER,** )
       **Plaintiff,** )       Civil Action No. 09-123 Erie
        )
       v. )
        )
**CITY OF PHILADELPHIA, et al.,** )       Magistrate Judge Susan Paradise Baxter
       **Defendants.** )

**MEMORANDUM OPINION AND ORDER**[1]

**Magistrate Judge Susan Paradise Baxter**

### A. Relevant Procedural History

Plaintiff, a state inmate acting *pro se,* originally filed this civil rights action on July 7, 2009. A convoluted procedural history ensued, most of which need not be related here. Plaintiff continued to represent himself in this case until August 12, 2011, when Attorneys John Mizner and Joseph Kanfer entered their appearance on behalf of Plaintiff in this and other federal cases. Following the appointment of counsel, the Third Amended Complaint was filed on October 19, 2011. ECF No. 78.

In the Third Amended Complaint, Plaintiff named the following Defendants: Correctional Officer Sergeant Bush; Correctional Officer Scoles; Correctional Officer Lieutenant

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 85, 86.

1

Vojacek; Dorina Varner, Chief Grievance Officer; and Brian Coleman, Superintendent of SCI-Fayette.[2] Defendants are sued in their individual capacities.

Plaintiff alleges that around December of 2008, while he was incarcerated at SCI-Fayette, he was called out for an authorized temporary absence (ATA) in order to testify in Philadelphia. Plaintiff packed three boxes of personal property and Defendant Bush took possession of those boxes. ECF No. 76, ¶ 7-8. Because Plaintiff was only permitted to take one box of property with him to the Philadelphia jail, Defendant Correctional Officer Bush put two boxes of Plaintiff's property in storage. Id. at ¶ 13. Upon Plaintiff's return to SCI-Fayette in January of 2009, he sought to retrieve the two boxes from storage. Id. at ¶ 26. These two boxes containing legal materials were never returned to Plaintiff and their loss forms the basis of this lawsuit.

In the Third Amended Complaint, Plaintiff advanced the following causes of action: Count I – Access to Courts; Count II – First Amendment Retaliation; Count III – Equal Protection; Count IV – Due process; Count V – § 1983 Conspiracy; Count VI – Replevin; Count VII – Bailment; Count VIII – Conversion; and Count IX – Intentional Interference with Prospective Contractual Relations. In response to the Third Amended Complaint, Defendants filed a motion to dismiss which resulted in the dismissal of the majority of the claims against the majority of the named Defendants. ECF No. 77. The only claim remaining is an access to courts claim against Defendant Bush based upon the award of summary judgment against Spencer in the case of Spencer v. Maxwell.[3]

---

[2] The Original Complaint named other parties including the City of Philadelphia, Sheriff Mackie, and Department of Corrections Secretary Jeffrey Beard. There were no claims raised against these original defendants in the Third Amended Complaint and so those original parties were terminated from this action as of October 19, 2011.

[3] The Third Amended Complaint explains that the Maxwell case was pending in the United States District Court for the Middle District of Pennsylvania, Scranton Division, at C.A. No. 06-1099, at the time of the loss of Plaintiff's legal materials. Plaintiff's legal claims in that case

2

Trial was scheduled for early September, when Defendant Bush filed a motion for summary judgment. ECF No. 96. Plaintiff filed a brief in opposition. ECF No. 100. The parties also filed a reply brief and a sur-reply brief addressing the issues raised in the motion for summary judgment. ECF Nos. 103, 105. Upon the substitution of defense counsel, Defendant Bush sought leave to file a supplement to the pending motion for summary judgment, which leave was granted, and Plaintiff filed a supplementary opposition brief. ECF Nos. 107-118.

The issues are fully briefed and are ripe for disposition by this Court.

### B. Standard of Review – Motion for summary judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to

---

were based on the actions of mental health officials at SCI-Camp Hill revealing his private mental health information to others. Id. at ¶ 70. In December of 2008, Magistrate Judge Blewitt issued two Report and Recommendations recommending the entry of summary judgment on behalf of Defendants. Objections to those Report and Recommendations were due on December 29, 2008, and January 2, 2009, respectively. Id. at ¶ 71. Plaintiff received several extensions of time to file his Objections which were finally due by April 30, 2009. Id. The District Court did not receive any Objections from Plaintiff prior to May 1, 2009, and summary judgment was entered against Plaintiff. Id. at ¶ 72.

Plaintiff filed Objections on May 5, 2009. Id. at ¶ 73. Plaintiff filed an appeal to the United States Court of Appeals for the Third Circuit which ordered that the District Court's order entering summary judgment be vacated and the case remanded for further proceedings. Id. at ¶ 74. Thereafter, the District Court considered Plaintiff's Objections on their merits, and entered summary judgment in favor of Defendants. Id. at ¶ 75.

Allegedly, the missing Spencer Property contained affidavits from witnesses Eric Maple and Amin Mustafa, as well as mental health records and Department of Corrections procedure manuals which were essential to Plaintiff's Objections in the Maxwell case. Id. at ¶ 77. Plaintiff argues that because he did not have access to his documents, he could not adequately prepare his Objections. Id. Allegedly, if Plaintiff had all of these missing documents, he would likely have been able to draft Objections sufficient to permit his allegations to survive summary judgment. Id. at ¶ 78.

3

the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

Under Rule 56, a party opposing a motion for summary judgment must cite to specific materials in the record that demonstrate the existence of a disputed issue of material fact. See Fed.R.Civ.P. 56(c)(1)(A). A material fact is a fact that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Id. at 249. "If the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) quoting Wetzel v. Tucker, 139 F.3d 380, 383 n.2 (3d Cir. 1998).

The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL

2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).[4]

### C. Access To Courts[5]

It is well-settled that prisoners have a constitutional right to "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). Importantly, a plaintiff must demonstrate actual injury stemming from the denial of access.[6] Lewis v. Casey, 518 U.S. 343 (1996). The actual injury requirement "derives from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." Id. at 349. A plaintiff must show both an underlying cause of action, whether anticipated or lost, and official acts frustrating the litigation. Christopher v. Harbury, 536 U.S. 403 (2002). In order to state an access to courts claim, "[w]here prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or

---

[4] When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson, 477 U.S. at 255. The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007). However, a court need not "turn a blind eye to the weight of the evidence." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

[5] The right of access to courts may arise in the context of the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection Clause. See Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002).

[6] Prisoners are limited to proceeding on access to courts claims challenging either their sentence (by direct or collateral attack) and their conditions of confinement, as the "impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355.

'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008) quoting Christopher, 536 U.S. at 415.

Furthermore, a plaintiff must demonstrate intent on the part of the defendants. The Third Circuit has explained:

> … [A] denial of access claim is available where the state officials *wrongfully and intentionally* conceal information crucial to a person's ability to obtain redress through the courts, and so *for the purpose of frustrating that right*, and that concealment, and the delay engendered by it substantially reduce the likelihood of one's obtaining the relief to which one is otherwise entitled.

Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety – Div. of State Police, 411 F.3d 427, 445 (3d Cir. 2005) overruled in part on other grounds as noted in Dique v. N.J. State Police, 411 F.3d 427, 441 (3d Cir. 2005). See also Burkett v. Newman, 2012 WL 1038914, at *3 (W.D. Pa. Feb. 21, 2012).

So then, in order to support his access to courts claim in the face of a motion for summary judgment, Plaintiff must establish: 1) that he has lost the opportunity to pursue a nonfrivolous or arguable underlying legal claim; 2) that there is no other remedy available to him; and, 3) that Defendant Bush had the requisite intent to deny Plaintiff's constitutional right of access to courts. See Williams, 891 F.2d at 460-61 (the nonmovant must present affirmative evidence to support each element of his claim to defeat a properly presented motion for summary judgment).

Defendant Bush argues, inter alia, that summary judgment should be granted in his favor because Plaintiff has failed to adequately set forth evidence to establish Defendant Bush's intent to deprive Plaintiff of his right of access to courts. Defendant Bush argues that he did not know

6

what was in the two remaining boxes and so could not have formed any intent to hinder Plaintiff in the prosecution of his claims in Spencer v. Maxwell.

Plaintiff alleges that Defendant Bush searched all three boxes of Plaintiff's personal property and warned Plaintiff that he would not be allowed to take all three boxes to Philadelphia. ECF No. 76, at ¶ 9. Plaintiff alleges that **only** Sheriff Mackey was informed that the property boxes contained legal material. Id. at ¶¶ 11-12. Defendant Bush then allegedly put the two extra boxes (containing legal documents) of Spencer's property in storage while Plaintiff was temporarily transferred out of SCI-Fayette. Id. at ¶¶ 13, 17. Allegedly the failure to return these documents caused Plaintiff to have summary judgment entered against him in the case of Spencer v. Maxwell. Id. at ¶ 19.

Defendant Bush argues that summary judgment should be granted in his favor because he had no intent to deprive Plaintiff of his constitutional right of access to the courts. Defendant Bush testified that as part of his duties at the Receiving and Discharge station, he was responsible for overseeing the transfer, and the ingress and egress of inmates in and out of the area, as well as handing out property from the commissary. ECF No. 102-2, page 9. Additionally, Bush was responsible for searching a departing inmate's property for contraband. Id. at page 15. Bush testified that Plaintiff arrived at the Receiving and Discharge station with a push cart full of his personal property, that Bush provided Plaintiff with boxes, and Plaintiff packed the boxes himself at the Receiving and Discharge station.[7] ECF No. 96-3, pages 23-24. Bush indicated that he searched Plaintiff's property that was leaving the institution with him to confirm that it was limited to three pair of socks and underwear, three t-shirts, a Bible or Koran,

---

[7] Furthermore, according to policy a departing inmate would have been allowed to sort through the three boxes and choose which materials he wanted in the one box he was permitted to take with him. ECF No. 96-4, Deposition of Vojacek, pages 17-18.

and his legal work. Id. Bush clarified that he did not pay specific attention to the legal papers contained in the property box. Id. at page 25.[8]

In opposition, Plaintiff argues that because Defendant Bush was present when Plaintiff discussed his property with the Philadelphia Sheriff who would be transporting him to Philadelphia, it can be reasonably inferred that Defendant Bush would therefore be aware that Plaintiff's property included legal materials. ECF No. 101, ¶ 16. However, in his deposition, Bush asserted that even when Plaintiff was arguing with the Philadelphia Sheriffs, Bush didn't know the exact details of the dispute as he was in and out of the area and passing out property to other inmates in general population. ECF No. 96-3, page 24.

Next, Plaintiff makes much of the fact that Bush admitted that he was for a time in sole possession of Spencer's boxes of property that were left behind. ECF No. 100, page 5, citing ECF No. 96-3, Bush Deposition, page 27. Plaintiff argues that Bush could have inspected the contents of the boxes to determine the nature of the materials and then could have tampered with the contents. Id. This is not evidence – this is merely a theory which is not enough to meet Plaintiff's burden here. Williams, 891 F.2d at 460-61 (the nonmovant must present affirmative evidence to support each element of his claim to defeat a properly presented motion for summary judgment).

More evidence of Defendant Bush's lack of intent is revealed by a careful examination of the judge's filings in the underlying case. In Spencer v. Maxwell, Magistrate Judge Blewitt issued Reports and Recommendations recommending the award of summary judgment on December 11th and on December 15th.

---

[8] Even according to Plaintiff's own version of events as related in the Third Amended Complaint, Plaintiff only told Sheriff Mackey that the boxes contained legal materials. ECF No. 76, ¶ 12.

Plaintiff was discharged from SCI-Fayette on ATA status to Philadelphia on December 12th. Plaintiff has provided no evidence that Bush knew about Plaintiff's civil rights action against Defendants Kalsky and Newton. However, even assuming that Bush knew of that lawsuit, Bush could not have known about the December 11th Report and Recommendation, and it is impossible for him to have known about the December 15th Report and Recommendation. Likewise, Defendant Bush could not have known the bases upon which Magistrate Judge Blewitt recommended summary judgment in favor of Defendants Kalsky and Newton and could not have known the dates upon which Objections were due, or the legal importance of the documents in the missing Spencer property.

Accordingly, because Plaintiff has provided no evidence that Defendant Bush had the requisite intent to deny Plaintiff his constitutional right to access the courts, summary judgment will be granted in favor of Defendant Bush.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAVENNA SPENCER, | ) | |
| Plaintiff, | ) | Civil Action No. 09-123 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PHILADELPHIA, et al., | ) | Magistrate Judge Susan Paradise Baxter |
| Defendants. | ) | |

**O R D E R**

AND NOW, this 26th day of September, 2012;

IT IS HEREBY ORDERED that the motions for summary judgment filed by Defendant Bush [ECF No. 96 and No. 109] are GRANTED. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge
